IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _*QS*_ D.C.

05 OCT -4 AM II: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

PHILLIP LACEFIELD,

       Plaintiff,

vs.

THE NEW YORK TIMES, et al.,

       Defendants.

No. 05-2233-B/P

ORDER ASSESSING FILING FEE
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER DENYING MOTION FOR ENLARGEMENT OF TIME TO EFFECT SERVICE
ORDER DENYING MOTION FOR ISSUANCE OF SERVICE OF PROCESS
ORDER DENYING MOTION FOR PRODUCTION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Phillip Lacefield, inmate number 18183-076, an inmate at the Federal Correctional Institution ("FCI")[1] in Forrest City, Arkansas, has filed a pro se complaint, along with motions to proceed in forma pauperis and for appointment of counsel. The Clerk shall file the complaint and record the defendants as The New York Times, WREG-TV, Inc., Andy Wise, Adam Liptak, Thomas Eldred, Tom New, Michelle Gors, Terrell L. Harris, Tracy Lynn Berry, Jeff Jenson, Brian Burns, and John Rankin, III.

---

[1]    The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.



I.   ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit and a prison trust fund account statement showing the above amounts. It is ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the

2

plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242 Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee shall continue

despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>MOTION FOR APPOINTMENT OF COUNSEL</u>

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. <u>See</u> <u>Lavado v. Keohane</u>, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." <u>Id.</u> at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. <u>See</u> <u>id.</u> at 606; <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the <u>pro se</u> litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. <u>See</u> <u>Lavado</u>, 992 F.2d at 604-05; <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that an appointment of counsel is not warranted. As explained below, plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

III. <u>MOTIONS FOR ENLARGEMENT OF TIME AND FOR SERVICE</u>

The United States Court of Appeals for the Sixth Circuit issued an administrative order which states:

> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

<u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997)(articulating how district courts should apply the PLRA). This District Court then filed its own administrative order establishing a policy for the Clerk to follow in implementing § 1915(e)(2) which states in part that it is:

> ORDERED that service not be issued upon the filing of a non-prisoner *pro se* complaint, pending review of the complaint's merit under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that whether or not a filing fee is paid, the court shall dismiss a case at any time upon the court's determination that any of the § 1915(e)(2) provisions are met.

Administrative Order No. 98-10. Accordingly, screening of <u>pro se</u> complaints must occur before process issues. The delay in issuing process and effecting service in a case subject to screening is not attributable to the plaintiff. Prior to the screening of

5

plaintiff's complaint and the entry of this order, the Clerk of this Court was not authorized to issue any process. As explained below, upon the entry of this screening order, plaintiff's complaint is to be dismissed without the necessity of service on any defendant. Thus, the motions for enlargement of time for service and for issuance of service are DENIED.

IV. MOTION FOR PRODUCTION

On September 13, 2005, plaintiff filed a motion for production. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses are not filed until they are relevant to a pending motion or proceeding. Construed as a discovery request under Fed. R. Civ. P. 26, plaintiff's discovery request does not comply with the Federal Rules of Civil Procedure. Furthermore, Rule 6 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500 have no applicability to this civil case. The motion is DENIED.

V. PROCEDURAL HISTORY

On February 27, 2002, a federal grand jury in the Western District of Tennessee returned a 19-count indictment charging Lacefield with money laundering, identity theft, and making false statements to the Internal Revenue Service ("IRS"). On May 28, 2002, the grand jury returned a second indictment against Lacefield, charging him with mail fraud, wire fraud, making false statements on a loan application, and two counts of making false statements to his pretrial services officer. He proceeded to trial on the allegations in the second indictment and was found guilty on all five counts. He then pled guilty to five counts of the first

6

indictment. At sentencing, United States District Judge Samuel H. Mays, Jr. combined the cases and sentenced Lacefield to 108 months imprisonment, along with a three year period of supervised release. Lacefield appealed and the Sixth Circuit Court of Appeals affirmed his convictions but remanded the case for re-sentencing under United States v. Booker, 125 S. Ct. 738, 756 (Jan. 12, 2005), which was decided while Lacefield's case was pending on appeal. See United States v. Lacefield, 2005 WL1869668 (6th Cir. Aug. 4, 2005). Lacefield's re-sentencing is currently set for October 25, 2005.

On March 24, 2005, the plaintiff filed this complaint naming as defendants The New York Times, WREG-TV, Inc., Attorney Adam Liptak, WREG-TV employees Andy Wise, Thomas Eldred, Tom New, and Michelle Gors, former United States Attorney Terrell Harris, Assistant United States Attorney ("AUSA") Tracy Berry, Federal Bureau of Investigation ("FBI") Agents Jeff Jenson and Brian Burns, and IRS Agent John Rankin, III.

VI.  ANALYSIS

Plaintiff purports to present his case pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and numerous federal criminal statutes.[2] No cited federal criminal

---

[2]    Lacefield also contends the Court has jurisdiction under 28 U.S.C. § 2403, however that statute is not applicable. The United States is sued as a party and is not seeking to intervene. He also invokes the All-Writs Act, 28 U.S.C. § 1651 which does not provide an independent grant of jurisdiction.

[I]t is well settled that a federal court must have an independent basis for subject matter jurisdiction for a writ of mandamus to be issued pursuant to 28 U.S.C. § 1651(a). Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35, 66 L. Ed. 2d 193, 101 S. Ct. 188 (1980) (per curiam); Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Accordingly, if subject matter jurisdiction exists in the instant case, it must be established under 28 U.S.C. § 1361. . . . The existence of jurisdiction

statute confers a private right of action which allows Lacefield to bring either federal criminal charges or civil claims for damages against any party. Rather, the United States Attorney can enforce those statutes by criminal prosecution, and a victim can seek civil relief under applicable state law.

> The power to enforce these criminal statutes, however, has been delegated solely to the Attorney General of the United States. See e.g., <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (holding that only the United States can bring an action for criminal conspiracy to deprive another of their civil rights). No private right of action exists. See <u>Newcomb v. Ingle</u>, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (violation of criminal conspiracy under 18 U.S.C. § 241 does not provide for a private cause of action).

<u>Sadlier v. Payne</u>, 974 F. Supp. 1411, 1413-14 (D. Utah 1997).

> Private citizens generally have no standing to institute federal criminal proceedings. <u>See</u> <u>Keenan v. McGrath</u>, 328 F.2d 610, 611 (1st Cir. 1964). As the court explained in <u>Bass Angler Sportsman Soc'y v. United States Steel Corp.</u>, 324 F. Supp. 412, 415 (S.D. Ala. 1971) (citations omitted), <u>aff'd</u>, 447 F.2d 1304 (5th Cir. 1971):

>> Criminal statutes cannot be enforced by civil actions. Serious constitutional problems are encountered in any attempt to impose

---

under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue . . . .

<u>Maczko v. Joyce</u>, 814 F.2d 308, 310 (6th Cir. 1987).

Furthermore,

[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

<u>Pennsylvania Bureau of Correction v. United States Marshals Service</u>, 474 U.S. 34, 43 (1985).

8

> criminal       sanctions       by   way   of   civil
> procedures.
>
> Equally    important    is    the    firmly
> established principle that criminal statutes
> can only be enforced by the proper authorities
> of the United States Government and a private
> party   has   no   right   to   enforce   these
> sanctions.   It has been repeatedly held that
> the   Executive   Branch   through   the   Justice
> Department and U.S. Attorneys is charged with
> enforcement  of  federal  criminal  law  and  in
> this area has broad discretion in determining
> whether or not to prosecute. In the exercise
> of such discretion U.S. Attorneys are immune
> from control or interference through mandamus
> or otherwise by private citizens or by courts.

Winslow v. Romer, 759 F. Supp. 670, 673-74 (D. Colo. 1991).

To recover in a § 1983 action, a plaintiff must show that "the defendant deprived him of a right secured by the Constitution and laws of the United States, and that the deprivation was under color of state law." Hammons v. Norfolk S. Corp., 156 F.3d 701, 707 (6th Cir. 1998). A person acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Similarly, in order to state a Bivens claim, plaintiff must allege action under color of federal law.

To the extent his complaint is capable of being construed as alleging any violation of plaintiff's civil rights under § 1983 or Bivens, the Court notes that The New York Times, WREG-TV, Inc., Thomas Eldred, Tom New, Michelle Gors, Andy Wise, and Adam Liptak are private companies and citizens who do not act under color of

law. Therefore, there can be no cause of action under § 1983 or Bivens against these defendants.

Former United States Attorney Harris, AUSA Berry, FBI and IRS Agents Jenson, Burns, and Rankin do not act under color of state law. West v. Atkins, 487 U.S. at 55-57. Plaintiff was convicted in federal court. Accordingly, the Court construes the claims against those defendants as ones under Bivens.

> In Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), the Supreme Court established that victims of a constitutional violation committed by a federal agent may recover damages against a federal official despite the absence of a statute conferring the right to recover damages.

Jones v. TVA, 948 F.2d 258, 262 (6th Cir. 1991)(emphasis added).

When a governmental official is sued in his official capacity, the suit is one against the governmental entity. Hafer v. Melo, 502 U.S. 21, 26-28 (1991). Any claims against Harris, Berry, Jenson, Burns, and Rankin in their official capacities are claims against the United States.

The United States can be sued only to the extent to which it has waived its sovereign immunity. United States v. Orleans, 425 U.S. 807, 814 (1976); Feyers v. United States, 749 F.2d 1222, 1225 (6th Cir. 1984); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 653 F. Supp. 1200, 1206 (E.D. Mich. 1986). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed by Congress. United States v. Mitchell, 445 U.S. 535, 538 (1980); Johnson v. Hubbard, 698 F.2d 286, 290 (6th Cir. 1983); Jahn v. Regan, 584 F. Supp. 399, 406 (E.D. Mich. 1984). An action

under <u>Bivens</u> cannot be brought against the United States.  Rather, the Federal Tort Claims Act (FTCA) is the exclusive remedy in tort actions against the United States.   18 U.S.C. § 2679(a).  <u>Peak v. Small Business Admin.</u>, 660 F.2d 375, 377 (8th Cir. 1981).  The FTCA specifically excludes any remedy against the United States for "a violation of the Constitution of the United States . . . ."  18 U.S.C. § 2679(b)(2).  To the extent that plaintiff sues the federal defendants in their official capacities, his claims are barred by sovereign immunity.

No claim lies against these defendants because they participated in the prosecution that resulted in Lacefield's conviction.   The United States Supreme Court has addressed when such claims arise under § 1983.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.   Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(footnotes omitted).
Thus a prisoner has no cause of action under § 1983 if the claims
in that action hinge on factual proof that would call into question
a state conviction, unless and until the state court conviction is
set aside. Id. at 481-82; Schilling v. White, 58 F.3d 1081, 1086
(6th Cir. 1995).     The   same   principle   applies   to   federal
convictions.

> The rationale of Heck applies equally to claims against
> federal officials in Bivens actions. The "bodies of law
> relating to the two forms of litigation [ 42 U.S.C. §
> 1983 and Bivens] have been assimilated in most . . .
> respects." Doe v. District of Columbia, 697 F.2d 1115,
> 1123 (D.C. Cir. 1983). Heck does not rest on statutory
> language, legislative history, comity, or any other
> consideration unique to actions under 42 U.S.C. § 1983.
> It rests instead on the need for finality of criminal
> convictions and on the analogy between actions under §
> 1983 and the common law of malicious prosecution, which
> barred the suit unless the criminal prosecution ended in
> the plaintiff's favor.    --- U.S. at ---- - ----, 114 S.
> Ct. at 2370-72.  In these respects there is no basis for
> distinguishing the statutory cause of action against
> state officers and the judicially-devised cause of action
> against federal officials.  We therefore join the other
> courts of appeals that have addressed the issue, and hold
> that Heck applies to Bivens actions.    See Abella v.
> Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)(per curiam);
> Tavarez v. Reno, 54 F.3d 109 (2d Cir. 1995)(per curiam);
> Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994)(per
> curiam).  Because he was found guilty and because the
> verdicts have not been set aside, Williams cannot recover
> damages for the actions of those who allegedly brought
> about his convictions.

Williams v. Hill, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996).  Accord
Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1986)(applying Heck
to Bivens action against, inter alia, United States Probation
Officer). See also Warth v. Self, No. 94-5569, 1994 WL 657090 (6th
Cir. Nov. 21, 1994)(federal prisoner "must prove that the criminal

proceedings terminated in his favor, in order to avoid two conflicting resolutions arising out of the same transaction" following Heck).[3] As Lacefield's convictions have been affirmed, he has no claim for a constitutional violation.

Moreover, to the extent that plaintiff sues Harris and Berry, he clearly alleges only court-related activities for which they are protected by absolute immunity. See Yaselli v. Goff, 275 U.S. 503 (1927)(federal prosecutor protected by absolute immunity; see also Burns v. Reed, 500 U.S. 478, 490-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986). This claim, accordingly, is frivolous regardless of the operation of Heck.

Accordingly, plaintiff's complaint fails to state a claim against any defendant and is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, to the extent that plaintiff seeks to have his conviction overturned, he seeks relief that is essentially in the nature of a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 474, 500 (1973). For federal prisoners seeking habeas-type relief from a conviction and sentence, the only remedy is through a motion to vacate under 28 U.S.C. § 2255. In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th

---

[3]    Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35); see also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[4] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[5] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255).  Plaintiff may present those claims by filing a proper § 2255 motion after the conclusion of direct review.

VII.  Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis.  Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal in forma pauperis.  See

---

[4]  See supra note 3.

[5]  See supra note 3.

14

<u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997). <u>McGore</u> sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this ____ day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in
case 2:05-CV-02233 was distributed by fax, mail, or direct printing on
October 5, 2005 to the parties listed.

---

Phillip Lacefield
FCC-FORREST CITY
18183-076
P.O. Box 3000
Forrest City, AR 72336--300

Honorable J. Breen
US DISTRICT COURT