IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PHILLIP LACEFIELD,

    Plaintiff,

vs.

    No. 05-2233-B/P

THE NEW YORK TIMES, et al.,

    Defendants.

---

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL
ORDER DENYING MOTION FOR APPOINTED COUNSEL
AND
ORDER ASSESSING APPELLATE FILING FEE

---

On October 18, 2005, Plaintiff Phillip Lacefield, inmate number 18183-076, an inmate at the Federal Correctional Institution ("FCI")[1] in Forrest City, Arkansas, filed a notice of appeal from this Court's order of dismissal and judgment entered October 11, 2005. He also filed a motion to proceed in forma pauperis on appeal and a motion for appointment of counsel.

Lacefield's complaint was dismissed as failing to state a claim against any defendant upon which relief may be granted pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). The order of dismissal certified that any appeal by plaintiff would not be taken in good faith and that he may not appeal this decision in forma pauperis pursuant to 28

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-25-05

U.S.C. § 1915(a)(3). The Court reaffirms its certification that this appeal is not taken in good faith and plaintiff may not proceed on appeal *in forma pauperis*. The motion to proceed *in forma pauperis* on appeal is DENIED. The foregoing determination also compels the conclusion that plaintiff is not entitled to appointment of counsel by this Court. Accordingly, the motion is for appointment of counsel DENIED.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

In this case, plaintiff has submitted both an *in forma pauperis* affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the notice of appeal. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the clerk of court. If the funds in plaintiff's account are insufficient to pay the full amount of the partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward

2

them to the clerk of court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the clerk of court, until the partial appellate filing fee is paid in full.

It is further ORDERED that, after the partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the clerk of this court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 filing fee is paid.

Each time the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court

immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk will mail a copy of this order to the official in charge of prisoner trust fund accounts at FCC, Forrest City, Arkansas and to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 24th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:05-CV-02233 was distributed by fax, mail, or direct printing on October 25, 2005 to the parties listed.

---

Phillip Lacefield
FCC-FORREST CITY
18183-076
P.O. Box 3000
Forrest City, AR 72336--300

Honorable J. Breen
US DISTRICT COURT