# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP LACEFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-2233-STA |
| | ) | |
| THE NEW YORK TIMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
---

Before the Court is Plaintiff Phillip Lacefield's Motion for Relief from Judgment (D.E. # 32) filed on March 20, 2008. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

On February 27, 2002, a federal grand jury in the Western District of Tennessee returned a 19-count indictment charging Plaintiff Phillip Lacefield ("Plaintiff") with money laundering, identity theft, and making false statements to the Internal Revenue Service ("IRS"). On May 28, 2002, the grand jury returned a second indictment against Plaintiff, charging him with mail fraud, wire fraud, making false statements on a loan application, and two counts of making false statements to his pretrial services officer. He proceeded to trial on the allegations in the second indictment and was found guilty on all five counts. He then pled guilty to five counts of the first indictment. At sentencing, United States District Judge Samuel H. Mays, Jr. combined the cases and sentenced Plaintiff to 108 months imprisonment along with a three-year period of supervised release. Plaintiff appealed and the Sixth Circuit Court of Appeals affirmed his convictions but

1

remanded the case for re-sentencing under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 756 (2005), which was decided while Plaintiff's criminal case was pending on appeal.[1] On April 7, 2006, Plaintiff was subsequently re-sentenced to 98 months imprisonment with a six-year period of supervised release, which the Sixth Circuit affirmed.[2] Plaintiff Phillip Lacefield, Bureau of Prisons inmate registration number 18183-076, is currently an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City").

Plaintiff filed his complaint in this matter on March 24, 2005, naming as defendants The New York Times, WREG-TV, Inc., Attorney Adam Liptak, WREG-TV employees Andy Wise, Thomas Eldred, Tom New, and Michelle Gors, former United States Attorney Terrell Harris, Assistant United States Attorney ("AUSA") Tracy Berry, Federal Bureau of Investigation ("FBI") Agents Jeff Jenson and Brian Burns, and IRS Agent John Rankin, III. This is not the only civil case Plaintiff has filed concerning some of these same defendants and claims.[3] In *Lacefield v. WREG-TV*, Chief Judge Jon McCalla noted,

> The complaint in this case does appear to assert at least one new claim, under a common-law copyright theory, but it is readily apparent that that claim could have been asserted in

---

[1] *See United States v. Lacefield*, 146 Fed. Appx. 15 (6th Cir. 2005).

[2] *United States v. Lacefield*, 250 Fed. Appx. 670 (6th Cir. 2007).

[3] *See Lacefield v. The New York Times Co., et al.*, No. 05-CV-8408-MBM (S.D.N.Y. dismissed for failure to state a claim Sept. 30, 2005); *Lacefield v. Wise, et al.*, No. 4:05CV01139SWW/JTR (E.D. Ark. dismissed as frivolous, malicious, and for failure to state a claim Oct. 24, 2005).); *Lacefield v. Leasecomm, et al.*, No. 05-11581-RCL (D. Mass. dismissed May 11, 2006); *Lacefield v. WREG-TV, Inc., et al.*, No. 05-CV-2810-JPM (W.D. Tenn. dismissed for failure to comply with the Court's orders June 15, 2006); Lacefield v. Penn & Associates, P.C., et al., No. 05-CV-2509-BBD (W.D. Tenn. dismissed for lack of jurisdiction July 14, 2006)

one or more of the plaintiff's previous cases. It appears likely, therefore, that this plaintiff has split his claims against these defendants into multiple lawsuits in an effort to harass the defendants.[4]

In this case Plaintiff brought his claims pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and numerous federal criminal statutes. The Court ruled that Plaintiff had failed to state a claim pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed his claims on October 4, 2005. Judgment was entered October 11, 2005. The Sixth Circuit affirmed the dismissal July 21, 2006, and the U.S. Supreme Court denied Plaintiff's petition for writ of certiorari April 30, 2007.[5] Plaintiff has brought the instant Motion under Rule 60(b)(2) and Rule 60(b)(6).

## **ANALYSIS**

The Court holds that Plaintiff's Motion for Relief pursuant to Rule 60(b)(2) is now time-barred . Rule 60(b) authorizes the Court to "relieve a party or party's legal representative from a final judgment, order or proceeding" under certain circumstances. One such circumstance is the new discovery of "evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."[6] However, Rule 60(b) also requires motions for relief where there is newly discovered evidence to be brought "not more than one year after the judgment, order, or proceeding was entered or taken."[7]

Here the Court entered its Judgment on October 11, 2005. Plaintiff filed his Motion for

---

[4] Order Denying Mot. to Reconsider, No. 05-CV-2810-JPM, March 30, 2006

[5] *Lacefield v. The New York Times, Inc., et al.*, No. 05-6651 (6th Cir. July 27, 2006), *cert. denied*, 127 S. Ct. 2140, 167 L.Ed.2d. 872 (2007).

[6] Fed. R. Civ. P. 60(b)(2).

[7] *Id.*

3

Relief on March 30, 2008, or more than two years after the Court's entry of judgment. Plaintiff contends that the time for his Motion did not begin to run until the Supreme Court denied certiorari on April 30, 2007. Therefore, the Motion for Relief pursuant to Rule 60(b)(2) is not timely and is denied.

Plaintiff also asserts that he is entitled to relief pursuant to Rule 60(b)(6), which states that a court may grant relief from judgment for "any other reason justifying relief from the operation of the judgment."[8] Unlike motions for relief where there is newly discovered evidence, there is no time limit within which a party must bring its motion for relief. Rule 60(b) simply states that the motion "shall be made within a reasonable time."[9] However, the Sixth Circuit has repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances.[10] Furthermore, the Rule 60(b)(6) catch-all provision and the other grounds for relief in Rule 60(b) are mutually exclusive.[11] Therefore, if the circumstances giving rise to a party's motion for relief is specified in one of Rule 60(b)'s other provisions, then a party may not seek relief under Rule 60(b)(6)'s catch-all provision.[12]

The Court finds that Plaintiff is not entitled to relief pursuant to Rule 60(b)(6). Plaintiff's Motion is properly considered under Rule 60(b)(2), a motion for relief where there has been

---

[8] Fed. R. Civ. P. 60(b)(6).

[9] *Id.*

[10] *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002).

[11] *McCurry*, 298 F.3d at 596 (citing *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 366 (6th Cir.1990).

[12] *Id. See also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 864 n. 11, (1988).

4

newly discovered evidence.  In support of his Motion, Plaintiff has produced what he characterizes as newly-discovered evidence supporting two of his claims: Defendants' violations of 18 U.S.C. § 1964, the Racketeer Influenced and Corrupt Organizations (RICO) Act, and Defendants' civil copyright infringement.[13]  The newly-discovered evidence submitted by Plaintiff includes a series of images purporting to be publications of Defendant WREG-TV on its website.[14]  The only change in circumstances or events Plaintiff cites in support of his Motion is the availability of this newly-discovered evidence.  Plaintiff offers only conclusory statements in support of any relief pursuant to Rule 60(b)(6) such as : "Pursuant to the foregoing, and **IN THE INTEREST OF JUSTICE** (for the plaintiff), <u>see </u>e.g. Fed. R. Civ. P. 60(b)(6), **Plaintiff is hereby justified relief**" and "pursuant to the foregoing, **<u>EXCEPTIONAL CIRCUMSTANCES</u>** justifying extraordinary relief <u>**exist**</u>."  Relief under Fed. R. Civ. P. 60(b)(6) is inappropriate because the grounds for the relief Plaintiff seeks are clearly covered in Rule 60(b)(2).  Therefore, relief under Rule 60(b)(6) must be denied.

## **<u>CONCLUSION</u>**

Plaintiff's Motion for Relief under Rule 60(b)(2) and Rule 60(b)(6) is **DENIED**.  As previously noted, Plaintiff's district court case and appeal have been dismissed and certiorari denied.   Plaintiff is **ORDERED** not to file any further documents in this closed case.

---

[13] This is Plaintiff's first pleading of copyright infringement in this matter, yet Plaintiff has pled it in another case in this district,  *Lacefield v. WREG-TV, Inc., et al.*, No. 05-CV-2810-JPM (W.D. Tenn. dismissed for failure to comply with the Court's orders June 15, 2006).  It appears that Plaintiff alleges to have a copyright on the use of his full name, Phillip Anthony Lacefield.

[14] See exhibits to Pl.'s Mot. for Relief.

5

Plaintiff is further **ADMONISHED** that, in the event he persists in filing meritless motions in this or any other closed civil case, he may be subject to additional restrictions on his filing privileges and monetary fines.[15] The Clerk is directed not to file any further documents in this closed civil case, except a one-page notice of appeal from this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 10th, 2008.

---

[15] Plaintiff has received a similar warning before in *Lacefield v. WREG-TV, Inc., et al.*, No. 05-CV-2810-JPM (W.D. Tenn. June 15, 2006). "If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court."